UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FABIOLA DERISME, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 3:10cv244 (MRK) |
| | : | |
| HUNT LEIBERT JACOBSON, PC; | : | |
| RICHARD M. LEIBERT; RICHARD | : | |
| C. JACOBSON; KIMBALL HAINES | : | |
| HUNT; JOHN DOES 1-100 | : | |
| | : | |
| Defendants. | : | |

## RULING AND ORDER

This is the second of two civil actions that the *pro se* Plaintiff has filed in this Court against Defendant Hunt Leibert Jacobson, PC ("Hunt Leibert"), a Connecticut-based law firm. *See Derisme v. Hunt Leibert Jacobson, PC*, No. 3:10cv23 (MRK) (D. Conn. filed Jan. 7, 2010).[1] Before Plaintiff filed this action, she changed her name to Fabiola Is Ra El Bey upon joining the Moorish Science Temple, a heterodox Islamic sect founded in 1913 by prophet Noble Drew Ali. *See United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003). Out of respect for Plaintiff's religious beliefs, the Court refers to her as Fabiola Is Ra El Bey throughout this Ruling and Order.[2]

---

[1] Fabiola Is Ra El Bey is also the defendant in two related mortgage foreclosure actions that this Court recently ordered remanded back to the Connecticut Superior Court, where they were originally filed. *See Bank of Am. Nat'l Ass'n v. Derisme*, No. 3:10cv900 (MRK), 2010 WL 3211066 (D. Conn. Aug. 13, 2010); *Bank of Am. Nat'l Ass'n v. Derisme*, No. 3:10cv785 (MRK) (D. Conn. Aug. 11, 2010).

[2] Some of Fabiola Is Ra El Bey's legal arguments relate to her status as a member of the Moorish Science Temple. Readers seeking more information about the legal views espoused by the Moorish Science Temple may refer to this Court's recent decision in *McLaughlin v. CitiMortgage*, --- F. Supp. 2d ----, ----, 2010 WL 2377108 (D. Conn. June 11, 2010).

1

There are currently five pending motions in this case, and the Court resolves all of them in this Ruling and Order.[3] First, Hunt Leibert's Second Motion to Dismiss [doc. # 30] is DENIED as moot because Hunt Leibert subsequently filed an Amended Second Motion to Dismiss [doc. # 35] correcting typographical errors in the earlier motion. Second, Hunt Leibert's Motion for Protective Order [doc. # 31] is DENIED because the Court concludes that it has subject matter jurisdiction over this case.[4] Third, Hunt Leibert's Amended Second Motion to Dismiss [doc. # 35] is GRANTED IN PART and DENIED IN PART. Fourth, Fabiola Is Ra El Bey's Motion to Amend [doc. # 37] is GRANTED IN PART and DENIED IN PART. Fifth, Hunt Leibert's Motion to Supplement the Amended Second Motion to Dismiss [doc. # 43] is GRANTED.

The Court will construe Hunt Leibert's Supplemental Memorandum in Support of the Amended Second Motion to Dismiss [doc. # 44] as a Fourth Motion to Dismiss. The Court will only entertain that Fourth Motion to Dismiss to the extent that it argues that the Second Amended Complaint fails to state a claim for relief under the Connecticut Unfair Trade Practices Act ("CUTPA"). The motion has not yet been fully briefed, and it will therefore remain pending.

---

[3] For the sake of clarity, the Court uses simplified names for the some of the filings in this case instead of adopting the titles provided by the parties. For example, the Court refers to Fabiola Is Ra El Bey's "Verified Amended Complaint for Violation of the United States Constitution Amendment IV and V; Federal Question Under Various Statutes; And Under the Supreme Law of the Land the Fair Debt Collection Practices Act and Declaratory Relief" [doc. # 3] as the First Amended Complaint.

[4] Hunt Leibert's only argument in support of its Motion for Protective Order [doc. # 31] is that the Court should stay discovery because the Court lacks subject matter jurisdiction over this action. The Court considers the issue of subject matter jurisdiction in its discussion of Hunt Leibert's Amended Second Motion to Dismiss [doc. # 35] and therefore finds any further discussion of the Motion for Protective Order to be unnecessary.

**I.**

The following facts are taken from Fabiola Is Ra El Bey's First Amended Complaint [doc. # 3] and Second Amended Complaint [doc. # 37-1]. The facts are quite straightforward and undisputed for present purposes. Sometime before 2009, Plaintiff Fabiola Is Ra El Bey entered a mortgage agreement with First Bank Mortgage, Inc. ("First Bank"). In May 2009, she came to believe that First Bank had engaged in fraud and that the mortgage agreement was no longer valid. She then composed a number of documents purporting to cancel the mortgage agreement and sent the documents to First Bank and a related company. On July 22, 2009, Defendant Hunt Leibert sent Fabiola Is Ra El Bey a summons and a copy of the complaint in a foreclosure proceeding against her in the Connecticut Superior Court. Hunt Leibert purported to act as legal counsel to Bank of America National Association, which claimed to have acquired an interest in the mortgage note sometime before July 2009. Hunt Leibert did not identify itself as a debt collector, and did not attempt to communicate with Fabiola Is Ra El Bey before instituting the state-court foreclosure action. Hunt Leibert sent a letter informing of her right to dispute the debt on August 15, 2009.

On February 19, 2010, Fabiola Is Ra El Bey filed a Complaint [doc. # 1] against Hunt Leibert and the individual Defendants in this Court. In the Complaint, Fabiola Is Ra El Bey asserted that this Court had subject matter jurisdiction under the federal question jurisdiction statute, *see* 28 U.S.C. § 1331, as well as under the diversity jurisdiction statute. *See id.* § 1332. She asserted that the basis for diversity jurisdiction was that "Fabiola Is Ra El Bey is an aboriginal/indigenous Moorish American domiciled without the United States"; that Hunt Leibert "is a citizen of the State of Connecticut"; and that the amount in controversy exceeded $75,000. She further asserted that this Court has jurisdiction "founded upon Public Ministry." She alleged, among other things, that Hunt

Leibert was a debt collector and was liable for communicating with her without giving her sufficient notice of her right to dispute the debt as required by the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692g(a)-(b). Although the Complaint was not a model of clarity, it asserted an FDCPA claim. *See* Compl. [doc. # 1] at 8 ("The Defendants did not communicate in a timely fashion that they were a debt collector. This is, [sic] a violation under the FDCPA . . . ."). The complaint also alleged a claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 19641 *et seq.*, although the basis for the RICO claim was ambiguous. *See* Compl. [doc. # 1] at 2 ("This action arises under the U.S.C., Title 18, § 1962 R.I.C.O. . . . ."). On March 11, 2010, Fabiola Is Ra El Bey filed her First Amended Complaint, which is currently the operative pleading. The original Complaint and the First Amended Complaint are virtually identical.

Hunt Leibert filed its First Motion to Dismiss [doc. # 8] on March 26, 2010. Hunt Leibert acknowledged that the First Amended Complaint asserted claims under the FDCPA and RICO. *See* Mem. of L. in Supp. of Mot. to Dismiss [doc. # 9] at 10-11. In support of the motion, Hunt Leibert argued that Fabiola Is Ra El Bey lacked standing to pursue a claim on behalf of Fabiola Derisme; that the Court lacked subject matter jurisdiction under the *Colorado River* abstention doctrine, *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976), due to the pending state-court foreclosure action; and that the First Amended Complaint failed to state a claim for relief under the Truth in Lending Act ("TILA"). *See* Mem. of L. in Supp. of Mot. to Dismiss [doc. # 9] at 2-12.

The Court held an in-court status conference regarding the First Motion to Dismiss on May 27, 2010. After the conference, the Court issued an Order [doc. # 25] denying the First Motion to Dismiss. Based on Fabiola Is Ra El Bey's representations during the conference, the Court

4

concluded that Fabiola Is Ra El Bey's only claims were an FDCPA claim and a RICO claim. During the conference, the Court directed Fabiola Is Ra El Bey to file a RICO Case Statement as required by the United States District Court for the District of Connecticut's Standing Order in Civil RICO Cases no later than June 28, 2010. Fabiola Is Ra El Bey complied with the Court's Order by filing her RICO Case Statement [doc. # 33] on June 28, 2010. The Court also informed Hunt Leibert that it could file a motion to dismiss the RICO claim no later than July 15, 2010.

On June 8, 2010 Hunt Leibert filed its Second Motion to Dismiss [doc. #30] and a Motion for a Protective Order [doc. # 31] to stay discovery on the ground that the Court lacked subject matter jurisdiction over the action. Hunt Leibert filed an Amended Second Motion to Dismiss [doc. # 35] on July 1, 2010 to correct several typographical errors in the earlier filing. Although the Court specifically informed Hunt Leibert during the May 27, 2010 conference that it could file a motion to dismiss the RICO claim for failure to state a claim, Hunt Leibert's Amended Second Motion to Dismiss is styled a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Hunt Leibert argues in support of the motion that this Court lacks federal question jurisdiction because the First Amended Complaint fails to state *any* federal-law claim for relief. *See* Mot. to Dismiss [doc. # 30] at 1. Fabiola Is Ra El Bey has had numerous opportunities to respond to both arguments and has filed several voluminous memoranda addressing both arguments. *See, e.g.*, Objection to Def.'s Objection to Amend Compl. [doc. # 47]. The Court therefore construes the Amended Second Motion to Dismiss as a consolidated motion asserting both lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6).

Fabiola Is Ra El Bey filed her Motion to Amend [doc. # 37] on July 6, 2010, and attached a proposed Second Amended Complaint [doc. # 37-1] to the motion. In the Second Amended Complaint, Fabiola Is Ra El Bey asserts that this Court has subject matter jurisdiction under the federal question jurisdiction statute, *see* 28 U.S.C. § 1331, and under the diversity jurisdiction statute. *See id.* § 1332. She also asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1337, which provides federal district courts with jurisdiction over civil actions "arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." The Second Amended Complaint still asserts an FDCPA claim and a RICO claim. The Second Amended Complaint also asserts that this Court has supplemental jurisdiction over related state-law claims, *see* 18 U.S.C. § 1367, and adds a CUTPA claim. *See* Conn. Gen. Stat. §§ 42-110a to -110q.

On July 14, 2010, Hunt Leibert filed a Third Motion to Dismiss [doc. # 39], despite the fact the Court had not yet ruled on either Hunt Leibert's Amended Second Motion to Dismiss or Fabiola Is Ra El Bey's Motion to Amend. On July 15, 2010, the Court denied the Third Motion to Dismiss without waiting for a response from Fabiola Is Ra El Bey. The Court instructed Hunt Leibert that it should file a motion to supplement its briefing on the Second Motion to Dismiss if it wished to make any new legal arguments. *See* Order [doc. # 41] dated July 15, 2010. The Court also instructed Hunt Leibert to direct any future briefing toward Fabiola Is Ra El Bey's Second Amended Complaint rather than toward the First Amended Complaint. *See id.* On July 27, 2010, Hunt Leibert filed a Motion to Supplement the Amended Second Motion to Dismiss [doc. # 43] along with a Supplemental Memorandum in Support of the Amended Second Motion to Dismiss [doc. # 44].

## II.

Before the Court sets forth the legal standards that govern its decisions on the pending motions, the Court first resolves a preliminary procedural dispute. In opposition to Hunt Leibert's Second Motion to Dismiss, Fabiola Is Ra El Bey argues that the fact that Hunt Leibert filed a prior motion to dismiss precludes the Court from considering any further motions to dismiss in this case. *See* Fed. R. Civ. P. 12(g)( 2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); Objection to Def.'s Objection to Amend Compl. [doc. # 47] at 3. Her argument has merit: Rule 12(g) contemplates a single pre-answer motion and generally precludes subsequent pre-answer motions to dismiss. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1385, at 481 (3d ed. 2004).

However, the general rule against subsequent motions to dismiss has a number of exceptions. By its express terms, Rule 12(g)(2) precludes a subsequent motion to dismiss only to the extent that it raises defenses or objections that were "available" to the defendant at the time of a prior motion to dismiss. The Court believes that the argument that Fabiola Is Ra El Bey failed to state a valid RICO claim was not "available" to Hunt Leibert before the Court's May 27, 2010 conference and the filing of her RICO Case Statement. Neither the original Complaint nor the First Amended Complaint set forth any facts supporting the RICO claim. It was for that reason that the Court instructed Fabiola Is Ra El Bey to file a RICO Case Statement and informed Hunt Leibert that it could file a motion to dismiss the RICO claim only. The Amended Second Motion to Dismiss is therefore proper to the extent that it argues that the First Amended Complaint fails to state a RICO claim. Furthermore, Rule 12(g)(2) explicitly incorporates as an exception Rule 12(h)(3), which

7

permits the Court to consider the defense of lack of subject matter jurisdiction at any time. The Second Motion to Dismiss is thus also proper to the extent that it asserts the defense of lack of subject matter jurisdiction.

Although the Court will entertain those two specific arguments in Hunt Leibert's Amended Second Motion to Dismiss, the Court agrees with Fabiola Is Ra El Bey that Hunt Leibert has waived its right to argue that Fabiola Is Ra El Bey has failed to state a claim for relief under the FDCPA. Fabiola Is Ra El Bey's original Complaint plainly stated a claim for relief under the FDCPA. It also set forth the precise factual basis for the FDCPA claim. Furthermore, the factual allegations supporting the FDCPA claim are essentially the same in the original Complaint, the First Amended Complaint, and the Second Amended Complaint. Thus, the argument that Fabiola Is Ra El Bey failed to state a claim for relief under the FDCPA was plainly "available" to Hunt Leibert at the time of the First Motion to Dismiss, but Hunt Leibert simply chose not to raise that argument. The Court therefore agrees with Fabiola Is Ra El Bey that Hunt Leibert waived its right to argue in a Rule 12(b) motion that her FDCPA count fails to state a proper claim.

Although the Court must ignore Hunt Leibert's arguments that the FDCPA claim fails as a matter of law for the time being, the Court by no means suggests that Hunt Leibert has waived that argument for all time. Hunt Leibert remains free to raise the same argument in a Rule 12(c) motion for judgment on the pleadings after it has filed an Answer. *See* Fed. R. Civ. P. 12(h)(2)(B) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c) . . . ."); *see, e.g.*, *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010) ("The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleading."). Hunt Leibert also remains free to file a Rule 56(b) motion

for summary judgment after the close of discovery arguing that Fabiola Is Ra El Bey's FDCPA claim fails as a matter of law.

## III.

Having resolved the preliminary procedural dispute, the Court now sets forth the legal standards that govern its decisions on the pending motions. The standard for ruling on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is a familiar one. "A case is properly dismissed for lack of subject matter jurisdiction . . . when the court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff asserting subject matter jurisdiction bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *See id.* The Court may refer to evidence outside the pleadings to assist in its determination. *See id.*

The standard for ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is also familiar. *See, e.g.*, *Austen v. Catterton Partners V, LP*, --- F. Supp. 2d ----, ----, No. 3:09cv1257 (MRK), 2010 WL 625389, at *1 (D. Conn. Feb. 17, 2010). The Court must construe *pro se* complaints liberally when determining whether they state any claims upon which relief could be granted. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, to survive a motion to dismiss for failure to state a claim, even a *pro se* complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under *Iqbal* and *Twombly*, "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice.'" *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 129 S. Ct. at 1949). Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss, and 'determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

A party may respond to a motion to dismiss by seeking the Court's leave to amend her complaint pursuant to Rule 15. Rule 15(a) provides that motions for leave to amend a complaint should be "freely" granted "when justice so requires." *Id*. Although leave to amend should be liberally granted to *pro se* litigants, *see Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003), this Court retains the discretion to deny a motion for leave to amend for good reason. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). The Court may deny leave to amend for "futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* at 200-01; *see, e.g.*, *McLaughlin v. CitiMortgage, Inc.*, No. , 2010 WL 3037810, at *2 (D. Conn. Aug. 4, 2010).

**IV.**

The Court agrees with Fabiola Is Ra El Bey that it has subject matter jurisdiction over this action based on the presence of a federal-law claim. Fabiola Is Ra El Bey asserts that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives federal courts jurisdiction over cases "arising under" federal law. *Id.* "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" *Vaden v. Discover Bank*, --- U.S. ----, ----, 129 S. Ct. 1262, 1272 (2009). Fabiola Is Ra El Bey seeks relief pursuant to the FDCPA and RICO, both of which are federal statutes. Yet Hunt Leibert insists that even though Fabiola Is Ra El Bey

10

asserts federal-law claims, this court lacks subject matter jurisdiction because Fabiola Is Ra El Bey's federal-law claims are frivolous. *See* Mot. to Dismiss [doc. # 30] at 3.

Hunt Leibert's argument puts the cart before the horse. In determining whether it has subject matter jurisdiction pursuant to § 1331, the Court does not first screen a plaintiff's federal-law claims to determine whether or not they have merit. Although Fabiola Is Ra El Bey may not prevail on her federal-law claims on the merits, the Court surely has subject matter jurisdiction to consider whether she is entitled to any relief on those claims. It is of course true that when a plaintiff proceeds *in forma pauperis*, this Court has a statutory obligation to dismiss the action *sua sponte* if it is frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *see, e.g.*, *Burke v. Patchen*, No. 08cv639 (MRK), 2008 WL 2783490 (D. Conn. July 15, 2008). But whether the Court must dismiss an *in forma pauperis* action pursuant to § 1915(e)(2)(B) is separate question from whether the court has *subject matter jurisdiction* pursuant to § 1331. Even assuming that those were not two separate questions, Hunt Leibert overlooks the fact that Fabiola Is Ra El Bey is not proceeding *in forma pauperis* in this case. The Court therefore has no statutory authority to dismiss this action *sue sponte* even if it is frivolous.

Although the Court has federal question jurisdiction in this case, the Court notes that Fabiola Is Ra El Bey's other assertions regarding subject matter jurisdiction have no merit. First, the Court does not have subject matter jurisdiction based on diversity of citizenship. Hunt Leibert is a citizen of Connecticut, and although Fabiola Is Ra El Bey insists that she is "an aboriginal/indigenous Moorish American domiciled without the United States," all of the documents in this case clearly indicate that Fabiola Is Ra El Bey resides in Easton, Connecticut. *See, e.g.*, Mot. to Dismiss [doc. # 30] at 17. That Fabiola Is Ra El Bey chooses to call Easton by a different name and self-identifies

as "aboriginal" and "indigenous" are irrelevant to the determination of her citizenship for diversity jurisdiction purposes. *See Bank of Am. Nat. Ass'n v. Derisme*, No. 3:10cv900, 2010 WL 3211066, at *10-11 (D. Conn. Aug. 13, 2010). Second, even assuming that Fabiola Is Ra El Bey is a "public minister" based on her membership in the Moorish Science Temple, that does not provide a basis for subject matter jurisdiction. Although the Constitution provides that the judicial power of the United States extends to cases involving public ministers, such cases fall within the original jurisdiction of the Supreme Court. U.S. Cons. art. III, cl. 1-2; 28 U.S.C. § 1251. Though the Supreme Court's original jurisdiction over such cases is not exclusive, Congress has not granted district courts subject matter jurisdiction over such cases.

## V.

The Court does not consider Hunt Leibert's argument that the First Amended Complaint fails to state a claim for relief under the FDCPA, but the Court does agree with Hunt Leibert that the First Amended Complaint fails to state a valid RICO claim. "RICO creates a private right of action for '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter.'" *Frey v. Maloney*, 476 F. Supp. 2d 141, 159 (D. Conn. 2007) (quoting 18 U.S.C. § 1964(c)); *see also* 18 U.S.C. § 1962 (listing acts prohibited by RICO). To state a claim under 18 U.S.C. § 1964(c), "a plaintiff must plead (1) the defendant's violation of [18 U.S.C.] § 1962, (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation." *Frey*, 476 F. Supp. 2d at 159 (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006)) (alteration in original). Moreover, "all allegations of fraudulent predicate acts [under RlCO] are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004).

The First Amended Complaint fails to state a RICO cause of action for two reasons. First, as this Court recently summarized in *McLaughlin v. CitiMortgage, Inc.*, --- F. Supp. 2d ----, ----, No. 09cv1762 (MRK), 2010 WL 2377108 (D. Conn. June 11, 2010):

> Under RICO, an "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "[A] solitary entity cannot, as matter of law, simultaneously constitute both the RICO 'person' whose conduct is prohibited and the entire RICO 'enterprise.'" *Cadle, Co. v. Flanagan*, 271 F. Supp. 2d 379, 387 (D. Conn. 2003) (quoting *Cullen v. Margiotta*, 811 F.2d 698, 729–30 (2d Cir. 1987)). "The Supreme Court has held that the 'person' liable under Section 1962(c), *i.e.* the Civil RICO defendant, must be an individual that is a distinct entity from the RICO 'enterprise.'" *Daigneault v. Eaton Corp.*, No. 3:06CV1690, 2008 WL 2604929, at *2 (D. Conn. June 16, 2008) (citing *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001)).

*Id.* at 13. With respect to Hunt Leibert, Fabiola Is Ra El Bey's Civil RICO Case Statement [doc. # 33] seems to allege that Hunt Leibert was the RICO entity rather than a separate individual. The RICO claim against Hunt Leibert therefore fails as a matter of law.

The individual Defendants – who appear to be employees and agents of Hunt Leibert – could, on the other hand, be liable for engaging in an unlawful RICO pattern of activity on behalf of Hunt Liebert. *See Cedric Kushner Promotions,* 533 U.S. at 163-64. However, as this Court also summarized in *McLaughlin*:

> RICO's substantive provisions make it "unlawful for any person employed by or associated with" an enterprise engaged in or affecting interstate or foreign commerce "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). . . . RICO *does* make it unlawful for "any person employed by or associated with any enterprise engaged in . . . interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through . . . *collection of unlawful debt*." 18 U.S.C. § 1962(c) (emphasis added). However, in the RICO context, the term "unlawful debt" has a particular meaning: it must be the result of illegal gambling and/or usurious lending, *see id.* § 1962(6), with "usurious lending" defined as lending at "at least twice the enforceable rate," *id.*

*Id.* Fabiola Is Ra El Bey's Civil RICO Case Statement alleges a host of activities that do not fall within RICO's substantive provisions. The only specific RICO violation alleged here is that Hunt Leibert engaged in transactions in property derived from unlawful debt in violation of § 1962. Because Fabiola Is Ra El Bey nowhere alleges that Hunt Leibert has collected on illegal gambling debts or engaged in usurious lending, her RICO claims against both Hunt Leibert and the individual John Doe defendants must fail as a matter of law.

## VI.

Having considered the arguments in Hunt Leibert's Amended Second Motion to Dismiss that were not available at the time of the First Motion to Dismiss, and keeping in mind that leave to amend should be freely granted to *pro se* litigants, *see Davis*, 320 F.3d at 352, the Court allows Fabiola Is Ra El Bey's Second Amended Complaint to the extent that it asserts claims under the FDCPA and CUTPA. Although Fabiola Is Ra El Bey's Second Amended Complaint includes a RICO claim, the Court has determined that Fabiola Is Ra El Bey's RICO claim fails as a matter of law. The Court will not permit Fabiola Is Ra El Bey to further amend her RICO allegations because any such amendments would be futile. *See, e.g.*, *McLaughlin*, 2010 WL 3037810, at *1.[5]

The key difference between the First Amended Complaint and the Second Amended Complaint is that the later adds a state-law CUTPA claim. Fabiola Is Ra El Bey is free to pursue the CUTPA claim as well as her FDCPA claim for the time being. However, under 28 U.S.C. § 1367(c), this Court may decline to exercise supplemental jurisdiction over any remaining state-law claims if it dismisses all claims over which it has original jurisdiction. As this Court has previously

---

[5] The Court notes that it although it denies the Motion to Amend [doc. # 37] to the extent that it asserts a RICO claim, there is no need for Fabiola Is Ra El Bey to docket an updated version of the Complaint excising all references to the RICO claim.

stated, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under [supplemental] jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Hernandez v. Carbone*, 567 F. Supp. 2d 320, 333-34 (D. Conn. 2008) (quoting *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003)). Should the Court eventually dispose of Fabiola Is Ra El Bey's FDCPA claim before trial, the Court would decline to exercise supplemental jurisdiction over her state-law CUTPA claim. At that point, Fabiola Is Ra El Bey would be free to pursue her CUTPA claim in state court should she wish to do so.

## VII.

The only other motion currently pending before this Court in this case is Hunt Leibert's Motion to Supplement the Amended Second Motion to Dismiss [doc. # 43]. The Court believes it has demonstrated in this case that it is willing – indeed, perhaps *too* willing – to allow both parties to provide the Court with any information that they believe will help the Court reach the right outcome. The Court therefore grants the Motion to Supplement the Amended Second Motion to Dismiss. However, for reasons that the Court has already discussed, the Court cannot consider the portions of Hunt Leibert's Supplemental Memorandum in Support of the Amended Second Motion to Dismiss [doc. # 44] arguing that the Second Amended Complaint fails to state an FDCPA claim. Furthermore, there is no need for the Court to consider the portions of the Supplemental Memorandum regarding Fabiola Is Ra El Bey's RICO claim, because the Court has already dismissed the RICO claim and concluded that any further amendments to her RICO allegations would be futile.

Thus, the only portion of the Supplemental Memorandum that remains relevant is the portion devoted to the CUTPA claim that Fabiola Is Ra El Bey added in her Second Amended Complaint. The Court will therefore construe the Supplemental Memorandum as a Fourth Motion to Dismiss targeted at the CUTPA claim. The Court will consider only those portions of that Fourth Motion to Dismiss devoted to the argument that Fabiola Is Ra El Bey's Second Amended Complaint fails to state a claim under CUTPA. Fabiola Is Ra El Bey has not had an opportunity to respond to Hunt Leibert's CUTPA arguments in the Fourth Motion to Dismiss, and therefore the motion must remaining pending until it has been fully briefed.

## VIII.

In sum, the Court concludes that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331; that Hunt Leibert is barred from arguing in any more Rule 12(b) motions that Fabiola Is Ra El Bey has failed to state a claim for relief under the FDCPA; but that Fabiola Is Ra El Bey has failed to state a claim for relief under RICO. Therefore, Hunt Leibert's Second Motion to Dismiss [doc. # 30] is DENIED as moot; Hunt Leibert's Motion for Protective Order [doc. # 31] is DENIED; Hunt Leibert's Amended Second Motion to Dismiss [doc. # 37] is GRANTED IN PART and DENIED IN PART. Fabiola Is Ra El Bey's Motion to Amend [doc. # 37] is also GRANTED IN PART and DENIED IN PART, and Hunt Leibert's Motion to Supplement the Amended Second Motion to Dismiss [doc. # 43] is also GRANTED.

As the Court has already explained, it will construe Hunt Leibert's Supplemental Memorandum in Support of the Amended Second Motion to Dismiss [doc. # 44] as a Fourth Motion to Dismiss. **Fabiola Is Ra El Bey should file a response to the portions of that motion regarding her CUTPA claim no later than September 15, 2010.** However, if Hunt Leibert wishes to do so,

16

it may withdraw the Fourth Motion to Dismiss and instead file an Answer to Fabiola Is Ra El Bey's Second Amended Complaint. Hunt Leibert could then raise its CUTPA and FDCPA arguments in a single Rule 12(c) motion for judgment on the pleadings or in a single Rule 56(b) motion for summary judgment after the close of discovery. **If Hunt Leibert wishes to withdraw the Fourth Motion to Dismiss and instead file an Answer to Fabiola Is Ra El Bey's Second Amended Complaint, it should do so no later than September 15, 2010.**

                                          IT IS SO ORDERED.


                              /s/          Mark R. Kravitz
                                             United States District Judge


Dated at New Haven, Connecticut: **August 26, 2010**.