UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FABIOLA DERISME, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   No. 3:10cv244 (MRK) |
| | : |
| HUNT LEIBERT JACOBSON, PC; | : |
| RICHARD M. LEIBERT; RICHARD | : |
| C. JACOBSON; KIMBALL HAINES | : |
| HUNT, | : |
| | : |
| Defendants. | : |

## RULING AND ORDER

This is the second of two civil actions that *pro se* Plaintiff Fabiola Is Ra El Bey has filed in this Court against Defendant Hunt Leibert Jacobson, PC, a Connecticut-based law firm, and three individual Defendants. *See Derisme v. Hunt Leibert Jacobson, PC*, No. 3:10cv23 (MRK) (D. Conn. filed Jan. 7, 2010). Throughout this Ruling and Order, the Court refers to Defendants collectively as "Hunt Leibert." The Court has already discussed the facts of this case at length in a prior Ruling and Order [doc. # 51]. *See Derisme v. Hunt Leibert Jacobson, PC*, No. 3:10cv244 (MRK), 2010 WL 3417857 (Aug. 26, 2010). The Court therefore assumes the parties' familiarity with those facts.

Pending before the Court is Hunt Leibert's Motion for Judgment on the Pleadings [doc. # 64] pursuant to Rule 12(c) of the *Federal Rules of Civil Procedure*. In support of its motion, Hunt Leibert argues that Fabiola Is Ra El Bey can prove no set of facts in support of the remaining claims in her Second Amended Complaint [doc. # 37-1] that would entitle her to relief. *See Davis v.*

1

*Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 654 (1999). For the reasons set forth below, the Motion for Judgment on the Pleadings [doc. # 64] is GRANTED in part and DENIED in part.

## I.

The Rule 12(c) standard for judgment on the pleadings is essentially the same as the standard applied to a motion to dismiss under Rule 12(b)(6). *See Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009). The Court must accept as true all of the factual allegations in the complaint – which is deemed to include any written instrument attached to the complaint as an exhibit, any materials incorporated into it by reference, and any other documents that are integral to it, *see Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) – and must draw all reasonable inferences from those factual allegations in the plaintiff's favor. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). So read, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim to relief is plausible on its face "when the plaintiff pleads fact[s] . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009); *see Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119-20 (2d Cir. 2010).

The *Twombly* and *Iqbal* "plausibility" standard applies in cases involving *pro se* plaintiffs as well as in cases involving plaintiffs who are represented by counsel. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 1999). Even after *Twombly*, however, the Court must construe the pleadings of *pro se* litigants liberally, because "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quotation marks omitted); *see Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005).

## II.

Fabiola Is Ra El Bey's only remaining federal claims are her claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*[1] The central remaining claim in her Second Amended Complaint is that Hunt Leibert sent her an "initial communication . . . in connection with the collection of a debt" and failed to send her a written notice informing her of her right to dispute the debt within five days thereafter. 15 U.S.C. § 1692g(a). She also asserts that Hunt Leibert improperly failed to cease collection of Fabiola Is Ra El Bey's debt after she demanded verification of the debt. *See id.* § 1692g(b). She also broadly alleges fraud by Hunt Leibert in its communications with her regarding the debt. *See* 15 U.S.C. § 1692e (prohibiting the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt"). Finally, she asserts claims against Hunt Leibert under the Connecticut Unfair Trade Practices Act ("CUTPA"). *See* Conn. Gen. Stat. §§ 42-110b(a) and -110g(a).

Hunt Leibert raises four arguments in support of its Motion for Judgment on the Pleadings. First, Hunt Leibert argues that it was not obligated to comply with the FDCPA at all because the debt at issue in this case was obtained primarily for business purposes. *See* 15 U.S.C. § 1692a(5) (defining "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes"). Second, Hunt Leibert argues

---

[1] The Court determined in a prior Ruling and Order [doc. # 51] that federal question jurisdiction, *see* 28 U.S.C. § 1331, and supplemental jurisdiction, *see* 28 U.S.C. § 1367, are the only bases for federal court jurisdiction over this action. *See Derisme*, 2010 WL 3417857, at *7 (Aug. 26, 2010) ("[A]lthough the Court has federal question jurisdiction in this case . . . Fabiola Is Ra El Bey's other assertions regarding subject matter jurisdiction have no merit."). In the same Ruling and Order [doc. # 51], the Court also dismissed Fabiola Is Ra El Bey's RICO claim. *See id.* at *7-*8.

that the Second Amended Complaint does not state plausible claims of entitlement to relief under § 1692g(a) or § 1692g(b).  Third, Hunt Leibert argues that the Second Amended Complaint does not state a plausible claim of entitlement to relief under § 1692e.  Fourth, and finally, Hunt Leibert argues that the Second Amended Complaint does not state a plausible claim of entitlement to relief under CUTPA.  *See* Conn. Gen. Stat. §§ 42-110b(a) and -110g(a).  The Court considers each of those arguments in turn below.

**A.**

The Court first considers Hunt Leibert's argument that as a matter of law, it was not required to comply with the FDCPA in collecting the debt at issue in this case.  The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family, or household purposes*."  15 U.S.C. § 1692a(5) (emphasis added).  According to Hunt Leibert, Fabiola Is Ra El Bey obtained the loan at issue in this case in order to purchase a rental property that she has never resided in and from which she earns an income.  Hunt Leibert asserts that as a matter of law, the debt at issue in this case was not obtained "primarily for personal, family, or household purposes," and that the FDCPA thus does not apply to its efforts to collect that debt.  *Id.*

The Court disagrees with Hunt Leibert's argument.  The Court assumes for the sake of argument that as a matter of law, the FDCPA does not apply when a debt collector attempts to collect on a debt related to a rental property in which the owner does not reside.  *Cf. Corcoran v. Saxon Mortg. Servs., Inc.*, No. 09-11568-NMG, 2010 WL 2106179, at *3 (D. Mass. 2010) (noting, in considering the plaintiff's Truth in Lending Act claim, that "[c]ourts have consistently held that

extensions of credit to acquire non-owner-occupied rental property are for business rather than for personal purposes"). But Hunt Leibert's argument overlooks the procedural posture of this case. In reviewing a motion for judgment on the pleadings, the Court *must* accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Hayden*, 594 F.3d at 160. Fabiola Is Re El Bey alleges that she incurred the underlying debt at issue in this case primarily for personal, family, or household purposes. The Court must accept that allegation as true for the time being. After discovery, it may turn out that the evidence is contrary to Fabiola Is Ra El Bey's allegation. If that is the case, then Hunt Leibert may raise the very same argument it raises here either in a motion for summary judgment or at trial.

**B.**

The Court next considers Hunt Leibert's argument that the Second Amended Complaint does not state a plausible claim of entitlement to relief under 15 U.S.C. § 1692g. Two of that provision's subsections are potentially relevant here. First, § 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing – (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Id.* § 1692g(a). The FDCPA broadly defines the term "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.*

§ 1692a(2). Second, § 1692g(b) provides that if the consumer disputes the debt in writing within thirty days after receiving the notice, the debt collector must cease collection of the debt until it mails the consumer a verification of the debt, a copy of the judgment against the credit, or the name and address of the original creditor. *See id.* § 1692g(b).

It is not entirely clear from the Second Amended Complaint whether Fabiola Is Ra El Bey intends to rely on § 1692g(a) or § 1692g(b). She seemingly alleges that *all* of the following were "initial communications" that gave rise to notice obligations under § 1692g(a): "[p]hone calls in 2008 . . . [m]ail correspondence from [Hunt Leibert] in 2008 . . . [p]ublic [n]otice in 2009 . . . and mail correspondence to [Hunt Leibert] in 2009." *Id.* However, she also seemingly alleges that Hunt Leibert was required to, and failed to, provide her with a validation of the debt on each of those "numerous" occasions. Second Amended Compl. [doc. # 37-1] at 5. That allegation seems to assert a claim under § 1692g(b). In response to the pending motion, she generates even more confusion regarding *which* of Hunt Leibert's communications with her was problematic and *why* it was problematic. She asserts that "the letter in dispute is the one from said Peter A. Ventre sent without any reference whatsoever that the communication was from a debt collector and/or an attempt to collect a debt said letter is dated February 12, 2010," Def.'s Mem. in Opp. [doc. # 70] at 8, even though no such communication is mentioned in the Second Amended Complaint.

For the sake of clarity, the Court will explain how it understands the two relevant subsections of § 1692g to interact. In the Court's view, § 1692g(a) requires that a debt collector provide *one* FDCPA-compliant notice to a consumer. *See id.* § 1692g(a) ("Within five days after *the initial communication* . . . ." (emphasis added)); *see, e.g.*, *Ellis v. Solomon & Solomon, PC*, 591 F.3d 130, 134 (2d Cir. 2010) ("Unless set forth in *the debt collector's "initial communication"* with the

consumer, the debt collector must send the consumer a written communication within five days of *the initial communication*." (emphasis added)). A debt collector may be liable under § 1692g(a) for failing to include the required information in an "initial communication" – written or oral – with the consumer, or for failing to send a written notice within five days of an initial communication that did not include the required information. *See, e.g.*, *Schwartz v. Resurgent Capital Servs., LP*, No. 08CV2533(NG)(RML), 2009 WL 3756600, at *2 (E.D.N.Y. Nov. 9, 2009). Even if a debt collector complies with § 1692g(a)'s notice requirements, the debt collector may still be liable under § 1692g(b) if the consumer disputes the debt within thirty days of receiving the notice and the debt collector continues to engage in collection efforts without mailing requested documents to the consumer. *See, e.g.*, *Davis v. Countrywide Home Loans*, No. 09 Civ. 8606(RJS)(HBP), 2010 WL 3219306, at *9-*10 (S.D.N.Y. July 23, 2010). [2] In the absence of a dispute notice from the consumer, however, a debt collector who has complied with § 1692g(a)'s notice requirements may continue to demand immediate payment and to pursue collection activities. *See Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008).

As the Court understands §§ 1692g(a) and (b), then, a debt collector can be liable for violating *either* § 1692g(a) *or* § 1692g(b). But the Court has serious doubts about whether it is possible for a debt collector to be liable under *both* subsections. Because the Court concludes that Fabiola Is Ra El Bey has not pleaded sufficient facts to state a claim under § 1692g(b), the Court ultimately need not resolve that issue.

---

[2] The Second Circuit holds that a debt collector may also be liable under § 1692g(b) if, after sending an FDCPA-compliant initial communication or notice, it engages in collection activities or communications within the thirty-day validation period that overshadow or are inconsistent with the disclosures that the FDCPA requires. *See* 15 U.S.C. § 1692g(b); *Russell v. Equifax A.R.S.*, 47 F.3d 30, 35 (2d Cir. 1996). But the Second Amended Complaint contains no such allegation.

Furthermore, there is nothing in either the text of § 1692g or in the controlling precedents interpreting § 1692g that supports Fabiola Is Ra El Bey's theory of "multiple violations" of § 1692g(a) or § 1692g(b). Plainly stated, there can only be *one* "initial communication" between a debt collector and a consumer, and any communication that follows the "initial communication" is necessarily *not* an "initial" communication. 15 U.S.C. § 1692g(a). The initial communication either includes the required information, *see id.*, or it does not. If the initial communication does not include the required information, the debt collector either sends an FDCPA-compliant written notice within five days, *see id.*, or it does not. If the debt collector complies with § 1692g(a), the consumer either disputes the debt in writing, *see id.* § 1692g(b), or she does not. If the consumer disputes the debt in writing, the debt collector either ceases collection efforts until it mails requested documents to the consumer, *see id.*, or it does not.

Thus, in order to resolve the pending motion, the Court must first determine – by reading the Second Amended Complaint and any materials that are attached to it, incorporated into it by reference, or otherwise integral to it, *see Sira*, 380 F.3d at 67 – *which* of Hunt Leibert's alleged communications with Fabiola Is Ra El Bey was its *initial* communication with her. Despite the confusion Fabiola Is Ra El Bey has generated through her many filings in this case, the Court believes that there is a fairly simple way to make that determination. Hunt Leibert's initial communication with Fabiola Is Ra El Bey was *the one that occurred first in time.* So long as Fabiola Is Ra El Bey's complaint sufficiently alleges that the initial, first-in-time communication did not comply with the § 1692g(a)'s notice requirements, whether that communication in fact did or did not comply with the FDCPA's requirements will be an appropriate subject for discovery.

Fabiola Is Ra El Bey's Second Amended Complaint lists numerous unspecified communications with Hunt Leibert by mail and by telephone in 2008. Although she herself is in the best position to describe the dates and details of those communications, her Second Amended Complaint sets forth neither the dates when those communications occurred, nor who initiated those communications, nor what exactly it was that Hunt Leibert communicated to her. Nor has she attached any copies of any of the mailed communications she allegedly received from Hunt Leibert to her Second Amended Complaint. Instead, she broadly asserts:

> In or about January 2008 the alleged debt was consigned, placed or otherwise transferred to Defendant for collection and foreclosure action was initiated . . . . *At some point there was communication with* [Hunt Leibert] *via telephone regarding a payoff and what to do to stop the foreclosure.* . . . Communication was further sent from the firm via email. . . . *No validation was ever sent. Instead, the right to have the "alleged debt" validated was fraudulently and deceptively concealed.*

Second Amended Compl. [doc. # 37-1] at 4 (emphasis added).

According to Fabiola Is Ra El Bey's Second Amended Complaint, then, Hunt Leibert's *initial* communication with Fabiola Is Ra El Bey was a telephone call that occurred sometime in 2008.[3] Hunt Leibert's briefing in support of the pending motion virtually ignores that allegation. The Court believes that Fabiola Is Ra El Bey would state a valid claim for relief under § 1692g if her Second Amended Complaint included "enough facts," *Twombly*, 550 U.S. at 570, to allow the Court to draw either of two "reasonable inference[s]" about the 2008 telephone call. *Iqbal*, 129 S. Ct. at 1949; *see,*

---

[3] FDCPA claims are governed by a one-year statute of limitations. *See* 15 U.S.C. § 1692k(d). Fabiola Is Ra El Bey's FDCPA claim may be time-barred because the initial telephone communication undisputedly occurred before February 19, 2009. However, Hunt Leibert did not raise a statute of limitations argument in support of the pending motion, and it is at least conceivable that the statute of limitations might be equitably tolled. *See, e.g.*, *Somin v. Total Community Management Corp.*, 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007) ("As with any . . . statute of limitations, the FDCPA is subject to equitable tolling in appropriate circumstances."). The Court therefore need not address the statute of limitations issue at this time.

*e.g.*, *Davis*, 2010 WL 3219306, at *2-*3. First, she would state a valid claim for relief under § 1692g(a) if the facts she alleged allowed the Court to reasonably infer that Hunt Leibert failed to satisfy the FDCPA's notice requirements during the phone call, or that Hunt Leibert failed to send her a written notice conforming to the FDCPA's requirements within five days after the phone call. *See* 15 U.S.C. § 1692g(a). Second, she would state a valid claim for relief under § 1692g(b) if the facts she alleged allowed the Court to reasonably infer that Fabiola Is Ra El Bey disputed her debt in writing within thirty days after the phone call or after a timely FDCPA-compliant notice following the phone call, and that Hunt Leibert continued its collection efforts without first mailing Fabiola Is Ra El Bey a verification of the debt, a copy of a judgment against her, or the name and address of her original creditor. *See id.* § 1692g(b).

The Court believes that the Second Amended Complaint, construed liberally, includes sufficient factual material to allow the Court to draw a reasonable inference that Hunt Leibert failed to comply with the FDCPA's notice requirements during its initial telephone communication with Fabiola Is Ra El Bey. *See id.* § 1692g(a). The Second Amended Complaint asserts that Hunt Leibert "fraudulently and deceptively concealed" her right to receive a validation of her debt. Second Amended Compl. [doc. # 37-1] at 4. The Court reads that assertion liberally as an allegation that the initial telephone communication did not include a warning "that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3). The Court also reads that assertion liberally as an allegation that Hunt Leibert did not send an FDCPA-compliant written notice – for example, a letter or email message – that included such a warning within five days after the initial telephone communication. *See id.* § 1692g(a). If Fabiola Is Ra El Bey can

10

prove either of those allegations by a preponderance of the evidence following discovery, then Hunt Liebert will be liable to her under § 1692g(a).

However, the Court does not believe that the Second Amended Complaint includes sufficient factual allegations to permit the Court to reasonably infer that Hunt Leibert violated § 1692g(b). Even assuming that Fabiola Is Ra El Bey received an FDCPA-compliant notice from Hunt Leibert, the Second Amended Complaint contains no assertion that Fabiola Is Ra El Bey sent Hunt Leibert a *written* demand for validation of her debt *within thirty days* after receiving such a notice. *See id.* § 1692g(b). If on the other hand she never received such a notice, then Hunt Leibert would be liable for a violation of § 1692g(a) whether or not Fabiola Is Ra El Bey ever demanded validation of her debt from Hunt Leibert, and whether or not Hunt Leibert complied with that demand. The Court therefore dismisses Fabiola Is Ra El Bey's § 1692g claim without prejudice insofar as it alleges that Hunt Leibert violated § 1692g(b). The parties should not explore that issue during discovery.

## C.

The Court now turns to Hunt Leibert's argument that the Second Amended Complaint does not state a plausible claim of entitlement to relief under § 1692e.[4] Section 1692e sets forth a non-exhaustive list of conduct which may constitute unlawful "false, deceptive, or misleading

---

[4] Although the parties have not briefed the issue, the Court notes its agreement with those courts that have held that the general pleading requirements set forth in Rule 8 of the *Federal Rules of Civil Procedure*, rather than the special pleading requirements for fraud claims set forth in Rule 9(b), *see* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."), apply to § 1692e FDCPA claims. *See, e.g.*, *Neild v. Wolpoff & Abramson, L.L.P.*, 453 F. Supp. 2d 918, 923 (E.D. Va. 2006) ("A claim under § 1692e . . . differs substantially from a common law fraud claim. For example, a plaintiff asserting a claim under § 1692e need not prove actual reliance on a false representation. In addition, a plaintiff need not prove actual damages to prevail under the FDCPA. Furthermore, a plaintiff does not have a burden to establish scienter under the FDCPA." (citations omitted)).

11

representations or means in connection with the collection of a[] debt." *Id.* The relevant portions of § 1692e provide:

> [T]he following conduct is a violation of this section: . . . (2) [t]he false representation of . . . the character, amount, or legal status of any debt . . . (3) [t]he false representation that any individual is an attorney or that any communication is from an attorney . . . (5) [t]he threat to take any action that cannot legally be taken or that is not intended to be taken . . . (8) [c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed . . . (10) [t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . (11) [t]he failure to disclose in the initial written [or oral] communication [and subsequent communications] with the consumer. . . that the debt collector is attempting to collect a debt . . . and . . . that the communication is from a debt collector . . . .

*Id.* In the Court's view, even when liberally construed, Fabiola Is Ra El Bey's § 1692e claim does nothing more than formally recite the elements of § 1692e. *See Twombly*, 550 U.S. at 555; *Harris*, 572 F.3d at 72 (reasoning that even *pro se* plaintiffs must do more than merely recite the elements of a cause of action in order to state a plausible claim of entitlement to relief). There are simply no plausible factual allegations, *see id.* at 570, in the Second Amended Complaint from which the Court could reasonably infer that Hunt Leibert made any false, deceptive, or misleading representation to Fabiola Is Ra El Bey, or that Hunt Leibert used any false, deceptive, or misleading means in connection with the collection of Fabiola Is Ra El Bey's debt.

This is not a situation where Fabiola Is Ra El Bey is ignorant of the false and misleading statements made to her by Hunt Leibert. To the contrary, she is in possession of all of that information. In order to survive a motion to dismiss or a motion for judgment on the pleadings, she needed to include that information in her complaint to give Hunt Leibert fair notice of the claims against it. As it stands, however, the Second Amended Complaint simply asserts that Hunt Leibert engaged in various unspecified acts of fraud over the course of a long period of time. The Court

therefore dismisses Fabiola Is Ra El Bey's § 1692e claim without prejudice. *See Arista Records*, 604 F.3d at 119-20.

### III.

Finally, the Court turns to Hunt Leibert's argument that the Second Amended Complaint does not state a plausible claim of entitlement to relief under CUTPA. *See* Conn. Gen. Stat. §§ 42-110b(a) and -110g(a). Because Fabiola Is Ra El Bey's Second Amended Complaint states a valid claim for relief under federal law, *see* 15 U.S.C. § 1692g(a), the Court may exercise supplemental jurisdiction over her state law claims. *See* 28 U.S.C. § 1367. Section 42-110b(a) of the Connecticut General Statutes provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). As interpreted by the Connecticut Supreme Court, there are three criteria for determining whether an act or practice is "unfair" within the meaning of CUTPA:

> (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors, or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.

*Ventres v. Goodspeed Airport, LLC*, 275 Conn. 105, 154-55 (2006). "Any person *who suffers any ascertainable loss of money or property*, real or personal, as a result of the use or employment of a method, act or practice prohibited by [§] 42-110b, may bring an action . . . to recover actual damages." Conn. Gen. Stat. § 42-110g(a) (emphasis added).

Assuming that Fabiola Is Ra El Bey can show that she suffered some ascertainable loss of money or property – and Hunt Leibert does not argue in support of the pending motion that she did not – the Court believes that Hunt Leibert could plausibly be liable under CUTPA. *See id.* § 42-110b(a). The Court sees no reason why a violation of the FDCPA could not also constitute conduct that "offends public policy as it has been established by statutes." *See Ventres*, 275 Conn. at 154-55. Beyond the alleged FDCPA violation, however, there are no other factual allegations in the Second Amended Complaint that would support a CUTPA claim.

## IV.

In sum, the Court concludes that Fabiola Is Ra El Bey's Second Amended Complaint includes sufficient factual allegations to state a plausible claim for relief under 15 U.S.C. § 1692g(a). The Court further concludes that, should Fabiola Is Ra El Bey show that Hunt Leibert violated § 1692g(a), she could also recover under CUTPA. *See* Conn. Gen. Stat. § 1692g(a). However, the Court concludes that the Second Amended Complaint fails to state valid claims for relief under § 1692g(b) and § 1692e, and that there are no other factual allegations in the Second Amended Complaint beyond the alleged § 1692g(a) that could support a CUTPA claim. Hunt Leibert's Motion for Judgment on the Pleadings [doc. # 64] is therefore GRANTED in part and DENIED in part.

Fabiola Is Ra El Bey may continue to pursue her claims under the FDCPA and CUTPA. The Court emphasize, however, that this Ruling and Order significantly narrows the scope of Fabiola Is Ra El Bey's federal and state law claims. She may only continue to pursue her FDCPA claim to the extent that she alleges that Hunt Leibert violated § 1692g(a) in its initial telephone communication with her in 2008. She may only continue to pursue her CUTPA claim to the extent that she asserts that by violating § 1692g(a) in 2008, Hunt Leibert also violated § 42-110b(a).

**IT IS SO ORDERED.**

/s/        Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: November 10, 2010**.