UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FABIOLA DERISME, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : No. 3:10cv244 (MRK) |
| | : |
| HUNT LEIBERT JACOBSON, PC; | : |
| RICHARD M. LEIBERT; RICHARD | : |
| C. JACOBSON; KIMBALL HAINES | : |
| HUNT, | : |
| | : |
| Defendants. | : |

## RULING AND ORDER

This is the second of two civil actions that *pro se* Plaintiff Fabiola Is Ra El Bey has filed in this Court against Defendant Hunt Leibert Jacobson, PC, a Connecticut-based law firm, and three individual Defendants. *See Derisme v. Hunt Leibert Jacobson, PC*, No. 3:10cv23 (MRK) (D. Conn. filed Jan. 7, 2010). Throughout this Ruling and Order, the Court refers to Defendants collectively as "Hunt Leibert." The Court has already discussed the facts of this case at length in a prior Ruling and Order [doc. # 51]. *See Derisme v. Hunt Leibert Jacobson, PC*, No. 3:10cv244 (MRK), 2010 WL 3417857 (Aug. 26, 2010). The Court therefore assumes the parties' familiarity with those facts.

Pending before the Court is Hunt Leibert's Motion to Dismiss [doc. # 89] this case as moot. On January 7, 2010, Hunt Leibert filed a Sealed Offer of Judgment [doc. # 85] pursuant to Rule 68 of the *Federal Rules of Civil Procedure*. Hunt Liebert offered to concede liability and to pay Fabiola Is Ra El Bey $1,000 in damages. Fabiola Is Ra El Bey rejected Hunt Leibert's Offer of Judgment on January 18, 2011. *See* Rejection to Def.'s Offer of J. [doc. # 93]. Hunt Leibert argues in support of its Motion to Dismiss that it has offered Fabiola Is Ra El Bey all of the damages that

she can possibly recover in this case, and that this case is therefore moot. *See In re Zarnel*, 619 F.3d 156, 162 (2d Cir. 2010) (discussing the mootness doctrine). Hunt Leibert further argues that Fabiola Is Ra El Bey has not alleged any facts to support her argument that the statute of limitations on her claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(a), and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b(a), should be equitably tolled, and that the Court thus lacks subject matter jurisdiction over this case. For the reasons set forth below, the Court disagrees with both argument and therefore DENIES the pending Motion to Dismiss.

The Court begins with Hunt Leibert's mootness argument. The Second Circuit most recently discussed the standard for determining whether a case is moot in *In re Zarnel*, 619 F.3d at 156:

> Mootness is a doctrinal restriction stemming from the Article III requirement that federal courts decide only live cases or controversies; a case is moot if "the parties lack a legally cognizable interest in the outcome" of the case. This occurs "when interim relief or events have eradicated the effects of the defendant's act or omission and there is no reasonable expectation that the alleged violation will recur."

*Id.* at 162 (citations omitted). The Article III case-or-controversy requirement from which the mootness doctrine derives subsists throughout all of the stages of federal judicial proceedings. *See Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001) (citation omitted).

Hunt Leibert believes this case is now moot because it has offered Fabiola Is Ra El Bey all of the damages that she can possibly recover on her remaining claims. A district court may dismiss a damages action as moot once the defendant has offered the plaintiff a judgment for the full amount of damages which the plaintiff could recover. *See Abrams v. Interco, Inc.*, 719 F.2d 23, 31-33 (2d Cir. 1983). Although the Second Circuit has not specifically considered whether an FDCPA case may be mooted by an offer of judgment, a number of the other Courts of Appeal have considered

2

that issue, and all have agreed that an offer of judgment for the full amount of damages the plaintiff could recover moots an FDCPA case. *See Marschall v. Recovery Solution Specialists, Inc.*, No. 08-55247, 2010 WL 3937992, at *1 (9th Cir. Oct. 5, 2010) (summary order); *Thomas v. Law Firm of Simpson & Cybak*, 244 Fed. App'x 741, 743-44 (7th Cir. 2007) (summary order); *Goodmann v. People's Bank*, 209 Fed. App'x 111, 114-15 (3d Cir. 2006) (summary order).[1] The Court believes that the Second Circuit would follow those other Courts of Appeal, and agrees with Hunt Leibert that an offer a judgment for the full amount of damages Fabiola Is Ra El Bey could recover would moot this case.

In the Court's view, however, Hunt Leibert has not actually offered Fabiola Is Ra El Bey the full amount of damages she could potentially recover. In an FDCPA case, the plaintiff can recover actual damages resulting from the defendant's failure to comply with the FDCPA and any "additional damages . . . the court may allow" up to $1,000, plus costs and attorney fees. 15 U.S.C. § 1692k. An offer of the statutory maximum "additional damages" may moot a case if the plaintiff does not seek any actual damages. For example, in *Thomas v. Law Firm of Simpson & Cybak*, the Seventh Circuit affirmed a district court's conclusion that an FDCPA case became moot after the plaintiff conceded that he could not prove any actual damages. *See* 244 Fed. App'x at 743-44. But in this case, Fabiola Is Ra El Bey continues to assert that she is entitled to recover actual damages as well as "additional damages." Whether Fabiola Is Ra El Bey will ultimately be able to prove any actual damages is irrelevant for purposes of determining whether this case still presents a case or

---

[1] The Sixth Circuit considered a closely related issue in *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 624-25 (6th Cir. 2005) (holding that if a motion for class certification is pending in an FDCPA case, an offer of judgment to the named plaintiff alone does not render the entire case moot); *see also Weiss v. Regal Collections*, 385 F.3d 337, 345-46 (3d Cir. 2004) (same).

controversy within the meaning of Article III. As another district court judge in this Circuit recently put it:

> Here, plaintiff asserts that she sustained actual damages. It says so in her complaint, which I presume (perhaps wrongly) that defendant law firm and its counsel have read. So $1,000 is not the limite of her maximum possible recovery . . . . There is no way this court would, could[,] or should compel plaintiff to accept that offer.

*Shepherd v. Law Offices of Cohen & Slamowitz, LLP*, 668 F. Supp. 2d 579 (S.D.N.Y. 2009). This Court finds the *Shepherd* court's reasoning persuasive, and follows that court's decision here. In sum, Hunt Leibert's offer of a judgment in the amount of $1,000 does not moot this case.

The Court now turns to Hunt Leibert's second argument. Hunt Leibert asserts that there is no factual support for Fabiola Is Ra El Bey's equitable tolling argument in her Second Amended Complaint. Despite Hunt Leibert's purported reliance on Rule 12(b)(1), Hunt Liebert's argument has nothing whatsoever to do with subject matter jurisdiction. Instead, Hunt Leibert's argument is about the sufficiency of the factual allegations in the Second Amended Complaint. If Hunt Leibert did not believe that the Second Amended Complaint contained sufficient factual allegations to support an equitable tolling argument, then it should have moved to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) instead of filing an Answer [doc. # 58], and subsequently an Amended Answer [doc. # 88] to that pleading.

The Court is hopeful that Hunt Leibert now clearly understands the difference between a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) and a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). It should, since this is the second time that the Court has had to explain the difference to Hunt Leibert in the course of this very case. *See* Ruling and Order [doc. # 51] at 10-12. The Court will not allow Hunt Leibert to raise untimely arguments about the sufficiency of the factual pleadings in the guise of a Rule 12(b)(1) motion.

After the close of discovery, Hunt Leibert may move for summary judgment if it believes that there are no genuine issues of material fact regarding the statute of limitations.

For those reasons, the Court DENIES Hunt Leibert's Motion to Dismiss [doc. # 89]. The Court also DENIES Hunt Leibert's Motion for Protective Order [doc. # 91], which relies on the same flawed premises as the Motion to Dismiss, as moot. The Court strongly urges Hunt Leibert – and Fabiola Is Ra El Bey – to refrain from engaging in costly and unnecessary motion practice and to cooperate in discovery. Again, Hunt Leibert may renew its mootness argument and its statute of limitations argument in a motion for summary judgment after the close of discovery.

IT IS SO ORDERED.

/s/       Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: January 27, 2011**.