UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FABIOLA DERISME,<br>    PLAINTIFF, | :<br>:<br>: CIVIL ACTION NO. 3:10cv244 (VLB)<br>: |
| v. | : NOVEMBER 8, 2011<br>: |
| HUNT LEIBERT JACOBSON, P.C.<br>RICHARD M. LEIBERT,<br>RICHARD JACOBSON,<br>KIMBALL HAINES HUNT,<br>    DEFENDANTS | :<br>:<br>:<br>:<br>: |

## ORDER

**A. *Order Denying Plaintiff's Motions for relief from the Court's Prior Orders [Dkt. #s 219, 220 and Dkt. #s 178, 57 and 51 respectively].***

The Plaintiff has filed two motions for reconsideration [Dkt. #s 219 and 220 respectively], seeking an order vacating three prior orders [Dkt. #s, 178, 57, and 51 respectively]. The Dkt. Nos 51 and 57 Orders were issued by the Honorable Mark R. Kravitz, U.S.D.J. and the Order docketed as Dkt. No. 178 was issued by this Court.

There are two ways for a party to obtain relief from a district court's decision. First, the party can appeal the district court's decision to the corresponding circuit court within 30 days after the judgment or order appealed from is entered. *See* Federal Rules of Appellate Procedure 4(a)(1). The party can also move for the issuing court's reconsideration pursuant to Local Rule 7(c). A motion for reconsideration may be filed within 14 days of the filing of the decision or order from which relief is sought, and "shall be accompanied by a

memorandum setting forth concisely the [factual] matters or controlling decisions which counsel believes the Court overlooked in it the initial decision or order." Local Rule 7(c). In the Second Circuit, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Here, Plaintiff has untimely filed for reconsideration of the Court's *[Dkt. #s, 178, 57 and 51]* orders. These orders were issued on August 26, 2010, September 14, 2010, and June 27, 2011 respectively, while the Plaintiff's motions were not filed until September 14, 2011.

Further, a court can set reasonable deadlines to manage its docket. *See Kullman v. New York*, No.07-cv-716, 2009 WL 1562840, at *11 (N.D.N.Y. May 20, 2009) (collecting cases). Judge Kravitz previously denied Plaintiff's right to amend the complaint to assert new causes of action. [Dkt. #s 51 and 57]. On June 27, 2011, this Court likewise denied Plaintiff's motion to amend the complaint to assert entirely new causes of action. [Dkt. # 178]. The Court's subsequent Order on July 21, 2011 permitting Plaintiff to amend the complaint to afford the Plaintiff a final opportunity to plead with clarity and particularity all of her claims and in particular two additional FDCPA claims she purported to have plead in the first instance and which she contended were embedded in her narrative complaint. [Dkt. # 197]. This accommodation to Plaintiff's pro se status

did not abrogate Judge Kravitz's or this Court's prior orders denying her leave to assert entirely new causes of action.

  B. *Order Denying Plaintiff's Motion for Reconsideration of the Court's Order as untimely [Dkt. #s 223 and 216, respectively].*

As discussed above, the Plaintiff is required under Local Rule 7(c) to file a motion for reconsideration within 14 days of the Court's Order. Here the Court issued its decision on August 24, 2011 and Plaintiff moved to reconsider on September 22, 2011, which was untimely.

  C. *Order Denying Defendant's Motion in Limine to preclude evidence related to prior acts [Dkt. # 229]*

Defendant's motion in limine is denied to the extent that Plaintiff may introduce such evidence on cross examination for impeachment purposes only.

  D. *Order Denying Defendant's Motion in Limine to preclude fact witness testimony [Dkt. # 230]*

Defendant's motion in limine is denied to the extent that Plaintiff offers such testimony as rebuttal for purposes of impeachment.

  E. *Order Granting Defendant's Motion to preclude expert testimony [Dkt. # 232]*

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Plaintiff was obligated to disclose the "the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information" which would include the identity of any experts. Moreover, the original discovery deadline in this case was November 1, 2010. As one of

numerous accommodations to Plaintiff's pro se status, this Court extended the discovery deadline including the expert discovery deadline for another ten months until August 1, 2011. Defendant has represented that Plaintiff has failed to disclose the identity of any experts. The Plaintiff has not refuted this assertion and the record supports it. Plaintiff's response offers no justification for her failure and refusal to discuss an expert. Since Summary Judgment briefing is completed, it would be highly prejudicial and a waste of judicial resources to reopen discovery at this late juncture. Fed. R. Civ. P. 37(c)(1); *see also LaMarca v. U.S.*, 31 F. Supp.2d 110, 122-133 (E.D.N.Y. 1998).

F. *Order Granting Plaintiff's motion for extension of time to file summary judgment [Dkt. # 245]*

In deference to Plaintiff's *pro se* status, the Court will consider Plaintiff's cross motion for summary judgment. The Defendant shall file a response to Plaintiff's Cross-motion for summary judgment within 30 days of this Court's Order.

G. *Order finding as moot Plaintiff's motion for extension of time to file Daubert Motions [Dkt. # 249]*

The Plaintiff has moved for an extension of time to "file Daubert Motions to exclude any witness or expert that were to be filed alongside Summary Judgment." As it does not appear that Defendants have filed any expert reports in connection with its summary judgment motion, Plaintiff's motion is moot.

**IT IS SO ORDERED.**

                                                            **/s/**

                                   **Hon. Vanessa L. Bryant**

                                   **United States District Judge**

**Dated at Hartford, Connecticut: November 8, 2011**