UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FABIOLA DERISME, | : |
|     PLAINTIFF, | : |
| | : CIVIL ACTION NO. 3:10cv244 (VLB) |
| | : |
| v. | : MARCH 21, 2013 |
| | : |
| HUNT LEIBERT JACOBSON, P.C. | : |
| RICHARD M. LEIBERT, | : |
| RICHARD JACOBSON, | : |
| KIMBALL HAINES HUNT, | : |
|     DEFENDANTS | : |

### ORDER DENYING PLAINTIFF'S [DKT. #312] PETITION TO ALTER OR AMEND ORDER ON MOTION FOR SUMMARY JUDGMNET

The Plaintiff, Fabiola Is Ra El Bey, has moved to alter or amend the Court's [Dkt. #308] order on summary judgment pursuant to Federal Rule of Civil Procedure 59(e).  The standard for a motion to amend a judgment is the same as the standard for a motion for reconsideration.  Therefore, "[a] court may grant a motion to alter or amend a judgment where (1) there is an intervening change in the controlling law; (2) new evidence previously not available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Peterson v. Syracuse Police Dept.,* 467 F. App'x 31, 34 (2d Cir. 2012).  Furthermore, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Montanile v. Nat'l Broad. Co.,* 216 F.Supp.2d 341, 342 (S.D.N.Y.2002) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000)).   Based on the analysis which follows, the Plaintiff has cited no intervening change in the controlling law, new evidence previously not

available, clear error of law or manifest injustice and therefor her motion to amend is DENIED.

Plaintiff seeks dismissal of unspecified foreclosure claims and an order vacating its foreclosure findings. The Court's summary judgment decision included no findings or rulings pertaining to Plaintiff's Connecticut Superior Court foreclosure action; but rather ruled only on Plaintiff's Federal Debt Collection Practices Act ("FDCPA") and Connecticut Unfair Trade Practices Act ("CUTPA") claims filed in this Court. Consequently, there is no basis to alter the Court's prior order on summary judgment.

Second, the Plaintiff argues that the Court made an error in fact when it found that the Defendants did not violate Section 1692g of the FDCPA because they verified the disputed debt by filing an objection in state court to the Plaintiff's motion to dismiss the foreclosure action. [Dkt. #308, Order on Summary Judgment, p. 51-55]. The Plaintiff argues that the Court had no evidence that Hunt Leibert had obtained a written statement that the amount being demanded is what the creditor is claiming is owed from the "alleged lender. [Dkt. #312, Pl. Mem., p. 4]. In addition, the Plaintiff argues that it is unclear if the objection to the motion to dismiss was filed by Hunt Leibert or really by its client Bank of America. The Plaintiff posits that if the objection was filed by Bank of America then Hunt Leibert never actually verified the debt and would be liable under the FDCPA. *Id.* Whether Bank of America or Hunt Leibert filed the verification of debt is irrelevant because the judgment was not entered for the Defendant solely on that basis. The Court held that Plaintiff's claims under

Sections 1692g and 1692e of the FDCPA were not cognizable because Hunt Leibert, as an enforcer of a security interest, fell outside the scope of the FDCPA except for the provisions of Section 1692f(6).  *See* [Dkt. #308, Order on Summary Judgment, p28-42].  Furthermore the fact that this Court's decision has precedential value in her foreclosure action is not a basis to modify the decision or dismiss claims the Plaintiff has made in this case.  In fact it would be futile as the court's reasoning has been replicated and referenced by other courts.  *Boyd v. J.E. Robert Co.*, No.05-cv-2455(KAM)(RER), 2012 WL 4718723, at *19 (E.D.N.Y. Oct. 2, 2012) (holding that because defendant had not sought a deficiency judgment in foreclosure action such conduct constituted the enforcement of a security interest not subject to the protections of the FDCPA); *Calvert v. Alessi & Koenig, LLC*, NO. 2:11-CV-00333-LRH, 2013 WL 592906, at *2- (D. Nev. Feb. 12, 2013) (agreeing that enforcers of security interests fall outside the provisions of the FDCPA except for Section 1692f(6)); *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, No.09-10159-MBB, 2012 WL 5878665, at *30 (D. Mass.  Nov. 20, 2012) (same).

In the interest of completeness and in view of the multiplicity and vagaries of the issues presented, the Court also ruled in the alternative that if1692g did apply to Hunt Leibert the firm did not violate that section because it verified the debt when it filed the objection to the motion to dismiss the foreclosure action. Plaintiff now argues, despite the inapplicability of Section 1692g, Hunt Leibert did not verify the debt because the objection containing the verification was filed on behalf of its client.  This argument fails because the factual finding was not in

error.  The motion to dismiss were a judicial admission, which is considered conclusive proof of the matter admitted. O *& C Indus., Inc. v. All Phase Enterprises, Inc.*, 112 Conn. App. 511, 523 n. 5 (2009) ("Judicial admissions are voluntary and knowing concessions of fact by a party or a party's attorney occurring during judicial proceedings ... They excuse the other party from the necessity of presenting evidence on the fact admitted and are conclusive on the party making them") (internal quotation marks and citations omitted).   Further as emphasized in the summary judgment decision, Hunt Leibert's objection to the motion to dismiss provided verification because an attorney owes a duty of candor to the Court under Connecticut Rules of Professional Conduct Rule 3.3 which required counsel to have a good faith belief in statements made and pleadings filed with the court.  [Dkt. #308, Order on Summary Judgment, p53-55].  As stated in the decision granting summary judgment, the evidence demonstrates that the Defendant satisfied the purpose of the verification requirement under the FDCPA and "the evils the verification requirement seeks to eliminate are already protected against by the panoply of safeguards afforded to civil litigants under Connecticut law."  *Id.* at 54.  Therefore, the Plaintiff has failed to demonstrate any injustice warranting a modification of the Court's decision.

      Third, the Plaintiff asks this Court to vacate the summary judgment order and dismiss her Sections 1692g and 1692e claims for lack of subject matter jurisdiction based on lack of standing and ripeness.  Plaintiff misconstrues the Court's holding. The Court did not find that she lacked standing to pursue her Sections 1692g and 1692e claims.  Instead, the Court held that Sections 1692g

and 1692e did not apply to Hunt Leibert because Hunt Leibert was enforcing a security interest and not collecting a debt.  *See* [Dkt. #308, Order on Summary Judgment, p28-42].

Furthermore, this Court held that the facts of this case in which an FDCPA claim was based on the filing of a state foreclosure action could not serve as a basis for an FDCPA action in view of the legislative purposes underlying the FDCPA.  *See* [Dkt. #308, Order on Summary Judgment, p.42-48].  The Court concluded that the filing of a state foreclosure action did not constitute the type of abusive debt collection practices proscribed by the FDCPA.  *Id.*  This conclusion was recently reaffirmed by the Second Circuit when it held that "[a]s we have recognized in past decisions, the protective purposes of the FDCPA typically are not implicated when 'when a debtor is instead protected by the court system and its officers.'"  *Gabriele v. Am. Home Mortg. Servicing, Inc.*, No.12-985-cv, 2012 WL 5908601, at *7 n.1 (2d Cir. 2012) (quoting *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010)).

Lastly, the Plaintiff argues that the Court should dismiss her RICO claims "for lack of subject matter jurisdiction under the justiciable doctrines of ripeness and standing."   [Dkt. #312, Pl. Mem., p. 17-18].  However, this Court did not consider Plaintiff's RICO claims as they had previously been dismissed.  *See* [Dkt.# 51], *see also Derisme v. Hunt Leibert Jcobson, PC*, 2010 WL 3417857, at *8 (D. Conn. Aug. 26, 2010).

For the foregoing reasons, the Plaintiff's motion to amend having been considered, the Court declines to amend its decision. The Plaintiff is free to file an appeal.

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: March 21, 2013